IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALBERTO JOSE RAMIREZ,

      Petitioner,

  vs.                                             Civ. No. 15-244 WJ/KK

JAMES MULHERON *et al.*,

      Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner Alberto Jose Ramirez's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (Doc. 1), filed March 23, 2015, Petitioner's amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Amended Petition") (Doc. 9), filed May 4, 2015, and Respondents' Answer to *Pro Se* Petitioner Alberto Jose Ramirez's Amended Petition for Relief Under 28 U.S.C. § 2254 ("Answer") (Doc. 13), filed May 22, 2015, wherein Respondents seek dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. This case presents the issue of whether a prisoner in state custody on an unrelated matter may challenge a prior state conviction under 28 U.S.C. § 2254 when his sentence for that conviction has been fully served. On March 26, 2015, United States District Judge William P. Johnson referred this case to the undersigned United States Magistrate Judge to conduct hearings if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case pursuant to 28 U.S.C. § 636(b)(1)(B) and (b)(3) and Federal Rule of Civil Procedure 72(b). (Doc. 4.) Having considered the pleadings and relevant

law, and concluding that the Court lacks jurisdiction over Mr. Ramirez's Petitions, the Court recommends that the Petitions be dismissed pursuant to Rule 12(b)(1).

## PROPOSED FINDINGS

**A.    Background**

1. Petitioner, Mr. Alberto Jose Ramirez, is currently in the custody of Respondent, James Mulheron, Warden, pursuant to a Judgment, Sentence & Commitment on first degree murder and tampering with evidence convictions (hereinafter "murder judgment") filed January 8, 2014, in the Ninth Judicial District Court, Curry County Cause No. CR-2007-434. (Doc. 13-2 at 72.)   Mr. Ramirez was sentenced to a term of imprisonment of life plus six years. (*Id.* at 73.) Mr. Ramirez does not challenge the murder judgment in his Petitions. (Doc. 9.)

2. Rather, Mr. Ramirez's Original and Amended Petitions seek to vacate, set aside, or correct a state court judgment for felonious battery on a peace officer and misdemeanor battery (hereinafter "battery judgment") for which the Ninth Judicial District Court, Curry County in Cause No. CR-2008-748 entered its Judgment, Sentence and Commitment on September 13, 2013. (Doc. 13-1 at 15.)   The battery judgment was entered following a bench trial.  Importantly, although Mr. Ramirez received a total sentence of two years' imprisonment under the battery judgment, he "receive[d] credit for (2) years pre-sentence confinement[]", and "[s]aid pre-sentence confinement satisfie[d] the imposed term of incarceration[]" for the battery convictions. (*Id.*)   Mr. Ramirez did not receive any term of parole or probation on the battery judgment, and as of September 13, 2013 when the judgment was entered, Mr. Ramirez had already completely satisfied all terms of his sentence under the battery judgment. (*Id.*; *see also* Doc. 13-2 at 30-31.)

3. Mr. Ramirez, through counsel, appealed his battery judgment to the New Mexico Court of Appeals on October 17, 2013, arguing that: (1) the trial court erred in finding that the

transport officers Mr. Ramirez attacked were peace officers; (2) the evidence was insufficient to sustain the battery on a peace officer conviction; and, (3) his trial counsel was ineffective. (Doc. 13-1 at 17-28.) The New Mexico Court of Appeals affirmed the battery judgment on April 15, 2014, (*id.* at 50-54), and the New Mexico Supreme Court denied Mr. Ramirez certiorari review, issuing its mandate on August 27, 2014. (*Id.* at 80-81.)

4. Thereafter, on October 3, 2014, Mr. Ramirez filed a *pro se* state petition for a writ of habeas corpus in the Ninth Judicial District Court, raising the same challenges to the battery judgment he had presented on direct appeal, and adding a fourth claim for ineffective assistance of appellate counsel. (Doc. 13-2 at 1-14.)

5. On October 30, 2014, the Ninth Judicial District Court found the petition moot and dismissed it for lack of jurisdiction, explaining that:

> The Petitioner is not in custody on this matter. The Petitioner is not on probation or parole. He is under no restraint in this matter. In fact, Petitioner has completed every aspect of his sentence in this matter.

(*Id.* at 30-31.)

6. Mr. Ramirez filed a petition for writ of certiorari, which the New Mexico Supreme Court denied on April 10, 2015. (*Id.* at 22-29, 71.)

7. On March 23, 2015, Mr. Ramirez filed his petition for federal habeas relief and on May 4, 2015 he filed his Amended Petition. (Docs. 1, 9.) Mr. Ramirez raises the following four claims for relief in this action:

> Ground One: The state district court erred in finding that Mr. Ramirez's victims were peace officers. (Doc. 9 at 5.)
>
> Ground Two: The felony battery conviction was not supported by sufficient evidence. (*Id.* at 7.)

3

Ground Three: Trial counsel and appellate counsel provided ineffective assistance of counsel. (*Id.* at 8.)

Ground Four: Neither his state habeas petition nor his petition for writ of certiorari were moot because Mr. Ramirez continues to face possible future legal consequences as a result of the battery judgment. (*Id.* at 10.)

8. Respondents concede that Mr. Ramirez has properly exhausted his state remedies with regard to grounds one through three. (Doc. 13 at 4-5.)

**B.    Analysis**

9. This Court's review is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Snow v. Sirmons*, 474 F.3d 693, 696 (10th Cir. 2007). Because Mr. Ramirez is proceeding *pro se*, the Court will liberally construe his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**This Court Lacks Subject Matter Jurisdiction because Petitioner Does Not Satisfy the "In Custody" Requirement of 28 U.S.C. § 2254**.

10. For a federal court to have jurisdiction to grant a petition for writ of habeas corpus under 28 U.S.C. § 2254, a petitioner must be "in custody pursuant to the judgment of a state court." 28 U.S.C § 2254(a); *see also Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). The Supreme Court has interpreted this "statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). A habeas petitioner does not "remain[ ] 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because" that conviction has been used to enhance a subsequent sentence. *Maleng*, 490 U.S. at 492; *see also generally Brown v. Warden, Springfield Med. Ctr. for Fed. Prisoners,* 315 F.3d 1268, 1269-70 (10th Cir. 2003)

4

(prisoner who has completely served his state sentence is not entitled to habeas relief even if the state sentence affected the calculation of his federal sentence); *Charlton v. Morris*, 53 F.3d 929, 929 (8th Cir. 1995) (federal prisoner currently serving a federal sentence enhanced by an expired, prior state court conviction "was no longer 'in custody' for his state conviction" and could not obtain habeas relief pursuant to § 2254).

11.   Mr. Ramirez's state sentence on the battery judgment long ago expired and he is presently in state custody serving a greater-than-life sentence on the murder judgment, which is not under attack here. (Docs. 1, 9; Doc. 13-1 at 15; Doc. 13-2 at 30-31, 72-73.)

12.   Federal district courts lack subject matter jurisdiction to consider a petition under § 2254 unless the petitioner is "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490-91; *see also Anderson-Bey v. Zavaras*, 641 F.3d 445, 453 (10th Cir. 2011) ("To obtain relief under § 2254, the applicant must be 'in custody' under the challenged judgment."); *McCormick v. Kline*, 572 F.3d 841, 848 (10th Cir. 2009) ("Section 2254's in-custody requirement is jurisdictional."). Because Mr. Ramirez is no longer "in custody" on the battery judgment as required by 28 U.S.C. § 2254, this Court lacks subject matter jurisdiction to consider Mr. Ramirez's Petitions.

**RECOMMENDATION**

For the foregoing reasons, I respectfully recommend that Mr. Ramirez's Petition and Amended Petition (Docs. 1, 9) be dismissed without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within fourteen days after being served with a copy of the foregoing proposed findings and recommended disposition, any party may serve and file written objections to such proposed findings and recommendation disposition with the Clerk of the United States District Court for

the District of New Mexico. A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
**KIRTAN KHALSA**
**United States Magistrate Judge**